UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JONATHON M. MARK,

        Plaintiff,

                                           Case No. 22-cv-1144-pp

  v.

SGT. SCHLENSKE,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

Plaintiff Jonathon M. Mark, who is representing himself, has filed a complaint alleging that the defendant violated his constitutional rights when the plaintiff was incarcerated in a Wisconsin Department of Corrections institution.[1] Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves that motion and screens the complaint.

## I.      Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's

---

[1] The plaintiff is not currently incarcerated and was not incarcerated when he filed this case.

1

request to proceed without prepaying the fee says that he is employed and earns about $1,200 per month, that he has about $605 in monthly expenses, that he owns a vehicle (1996 Jeep Cherokee) worth about $500, that his checks (presumably, his paychecks) are garnished at 20% and that currently he is homeless. Dkt. No. 2. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee and will grant the motion to proceed without prepaying it.

## II.     Screening of Complaint

### A.     Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged."
Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege
that someone deprived him of a right secured by the Constitution or the laws of
the United States, and that whoever deprived him of this right was acting
under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793,
798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d
824, 827 (7th Cir. 2009)). The court construes complaints filed by
unrepresented litigants liberally and hold them to a less stringent standard
than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v.
Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.      Plaintiff's Allegations

The plaintiff sues Sgt. Schenske, who works at the Oshkosh Correctional
Institution. Dkt. No. 1 at 2. The plaintiff alleges that on March 19, 2020,
Schlenske issued him a conduct report and initiated the TLU (temporary
lockup) process in retaliation for the plaintiff submitting a grievance letter to
Schlenske. Id. at ¶1. The plaintiff also alleges that between March 19 and April
8, 2020, Schlenske issued him a "baseless and frivolous" conduct report in
retaliation for the plaintiff submitting a grievance letter regarding staff
misconduct. Id. at ¶3. The plaintiff also alleges that on March 19, 2020,
Schlenske and several individuals whom he did not name as defendants
conspired to retaliate against him by placing him in TLU and issuing him a
conduct report because he submitted an informal grievance letter. Id. at ¶2.

3

For relief, the plaintiff seeks monetary damages and unspecified injunctive relief. Id. at 4.

C.    Analysis

To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).

The plaintiff states a retaliation claim against Schlenske based on his allegations that Schlenske issued him a conduct report and initiated the TLU process because the plaintiff submitted an informal grievance. It is not clear if the plaintiff alleges separate acts of retaliation on March 19, 2020 (Dkt. No. 1 at ¶1), and from March 19 to April 8, 2020 (Dkt. No. 1 at ¶3), or if he is describing the same event. In any event, the plaintiff may proceed on a retaliation claim against Schlenske based on these allegations.

The plaintiff may not proceed on a claim based on his allegations that Schlenske and other individuals conspired to retaliate against him on March 19, 2020, because he did not name these other individuals as defendants. (Even if he had, it appears that one of the other cases the plaintiff has filed includes these allegations. See Mark v. Toney, et al., Case No. 21-cv-1189 (E.D. Wis.))

4

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff must pay the $350 filing fee as he is able.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Schlenske. Under the informal service agreement, the court **ORDERS** defendant Schlenske to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that the plaintiff must send or deliver the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

5

clerk of court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 6th day of December, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**